**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2005[*]
Decided June 29, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4286

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Western District of Wisconsin |
| *Plaintiff-Appellee,* |  |
| *v.* | No. 04-CR-121-S-02 |
| TERRY E. DE MARR, | John C. Shabaz, |
| *Defendant-Appellant.* | *Judge.* |

**ORDER**

Terry De Marr was convicted of distributing five or more grams of cocaine base, *see* 21 U.S.C. § 841(a)(1), (b)(1)(b)(iii), and sentenced to serve 80 months of imprisonment and five years of supervised release. He appeals only his sentence, arguing that it must be vacated in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

De Marr pleaded guilty and conceded in his plea agreement that the government could prove that he distributed between 5 and 20 grams of crack. At sentencing the district court found that De Marr in fact distributed between 50 and 150 grams of crack, and set his offense level based on that higher drug amount. Because the sentencing hearing occurred in December 2004, several months after

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

our decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), *aff'd*, 125 S. Ct. 738 (2005), the district court recognized that the additional factfinding at sentencing might violate De Marr's rights under the Sixth Amendment. Taking a suggestion from the government, the court decided to treat the guideline range, which reflected various adjustments, as advisory, consider the factors outlined in 18 U.S.C. § 3553, and impose a sentence within the statutory range. The court's approach perfectly anticipated the Supreme Court's *Booker* decision. *See Booker*, 125 S. Ct. at 765-66, 767; *United States v. George*, 403 F.3d 470, 472 (7th Cir. 2005) (affirming sentence in which district court anticipated Supreme Court's *Booker* decision and treated the guidelines as advisory). Although De Marr points out that the district court did not address all of the factors listed in § 3553, we have said that judges "need not rehearse on the record" all of the statutory factors. *George*, 403 F.3d at 472-73.

On appeal De Marr argues that he was surprised from the court's approach and was thus unable to formulate appropriate arguments and present mitigating evidence that he suggests might have affected his sentence. He contends that he should receive a new sentencing hearing and another opportunity to present mitigating evidence. He never reveals, however, what additional information he would have presented.

De Marr cannot reasonably claim surprise by the district court's decision to treat the guidelines as advisory. Our decision in *Booker* made explicit that a mandatory sentence under the guidelines could not survive a constitutional challenge if the guideline range was affected by facts not admitted by the defendant or found beyond a reasonable doubt by a jury. *Booker*, 375 F.3d at 513. In De Marr's plea agreement the government revealed its position that the guidelines were not severable and should be treated as advisory. And the Presentence Investigation Report gave De Marr advance warning that the government was seeking to base the sentence on a higher drug amount than De Marr had admitted. De Marr should have anticipated that the district court would follow our decision in *Booker* and either empanel a jury to determine the drug amount or, as the court did, treat the guidelines as advisory. De Marr's assertion that he was surprised at the hearing was further undermined by the fact that he did not request a recess or continuance to prepare additional arguments or evidence. *Cf. United States v. Adams*, 834 F.2d 632, 635 (7th Cir. 1988) (defendant's claim that government disclosed exculpatory evidence too late to permit fair trial was undermined by failure to request continuance or recess of trial); *United States v. Cusenza*, 749 F.2d 473, 478 n.6 (7th Cir. 1984) (noting but not basing decision on fact that defendant claiming unfair surprise at sentencing hearing had failed to request recess or continuance).

Because the district court treated the guidelines as advisory and De Marr does not contend that any of the court's underlying calculations were erroneous, we would review the sentence imposed only to determine whether it is reasonable. *See George*, 403 F.3d at 473. De Marr does not argue, however, that his 80-month sentence, which falls within the guideline range of 70 to 87 months and the statutory range of 60 to 480 months, is unreasonably high.

AFFIRMED.